1   Aaron D. Kaufmann (Cal. Bar No. 148580)
    Philip C. Monrad (Cal. Bar No. 151073)
2   Xochitl Lopez (Cal. Bar No. 284909)
    LEONARD CARDER, LLP
3   1330 Broadway, Suite 1450
    Oakland, CA 94612
4   Telephone: (510) 272-0169
    Facsimile:  (510) 272-0174
5   akaufmann@leonardcarder.com
    pmonrad@leonardcarder.com
6   xlopez@leonardcarder.com

7   Attorneys for Plaintiffs and the Putative Class

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  MARIA GRANADOS FLORES, IGNACIA      Case No.
    GARCIA, GRISELDA MORA, PABLO
12  RODRIGUEZ, DIVINA SAGUILÁN, on behalf   **DEMAND FOR JURY TRIAL**
    of themselves and all others similarly situated,   **FLSA COLLECTIVE ACTION**
                                              **RULE 23 CLASS ACTION (Calif. Claims)**
13

14                                            **COMPLAINT FOR:**
               Plaintiffs,                    **(1) FLSA OVERTIME AND**
                                                  **RECORDKEEPING PROVISIONS**
15                                                **VIOLATIONS (29 U.S.C. §§ 201, *et***
                                                  ***seq.*;**
16         v.                                 **(2) CITY OF SAN LEANDRO LIVING**
                                                  **WAGE ORDINANCE VIOLATIONS**
17                                                **(San Leandro Municipal Code § 1-6-**
                                                  **600, et seq.);**
18  ALAMEDA COUNTY INDUSTRIES, INC.,        **(3) OVERTIME COMPENSATION**
    and DOES 1- 10, inclusive,                   **PROVISIONS VIOLATIONS (Calif.**
19                                                **Labor Code §§ 510, 1194);**
                                              **(4) WAITING TIME PENALTIES (Calif.**
20                                                **Labor Code §§ 201-203);**
               Defendants.                    **(5) FAILURE TO PAY VESTED**
21                                                **VACATION UPON TERMINATION**
                                                  **(Calif. Labor Code § 227.3 and San**
22                                                **Leandro Municipal Code § 1-6-625(b);**
                                              **(6) FAILURE TO PROVIDE**
23                                                **ACCURATE ITEMIZED**
                                                  **STATEMENTS (Calif. Labor Code §**
24                                                **226);**
                                              **(7) SECRET PAYMENT OF**
25                                                **UNLAWFUL WAGES (Labor Code §**
                                                  **223);**
26                                            **(8) BREACH OF CONTRACT;**
                                              **(9) VIOLATIONS OF CALIF. UCL (Calif.**
27                                                **Bus. & Prof. Code §§ 17200-09)**

28

1.     Plaintiffs, Maria Granados Flores, Ignacia Garcia, Griselda Mora, Pablo Rodriguez, and Divina Saguilán (collectively "Plaintiffs") allege as follows on behalf of themselves and all others similarly situated in the City of San Leandro:

## I.    JURISDICTION

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (1948) over the FLSA overtime claims alleged below, as they arise under the federal laws.  This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) (1990) over the state and municipal claims for overtime and living wages alleged below, as they form part of the same case or controversy under Article III of the United States Constitution.

## II.    VENUE AND INTRADISTRICT ASSIGNMENT

3.     Venue is proper in the Northern District, pursuant to 28 U.S.C. 1391(b)(2) (1948) because the events giving rise to the claim occurred within this District.  Venue is also proper pursuant to 28 U.S.C. §1391(b)(1) because a substantial number of the members of the class alleged herein work or worked for Defendant in facilities and operations maintained by Defendant within this District and within the Division and Courthouse to which this action has been assigned.

## III.    INTRODUCTION

4.     Plaintiffs bring wage and hour claims on behalf of themselves and similarly situated individuals employed or formerly employed as Recycling Workers by Defendant Alameda County Industries, Inc. ("ACI"). Plaintiffs sort and process recycling waste pursuant to the Franchise Agreement ("Contract") between ACI and the City of San Leandro, at ACI's facility at 610 Aladdin Avenue, San Leandro, California.  Since before January 27, 2014, Defendant has employed Plaintiffs and approximately 300 other similarly situated Recycling Workers at this San Leandro facility.  Defendant has failed and refused to provide these Recycling Workers with the minimum compensation and paid time off required by the San Leandro Living Wage Ordinance, San Leandro Municipal Code § 1-6-600, et seq. (2007), and has failed to pay overtime premium compensation based upon the Living Wage rates as required by California state and federal law. These wage and hour violations have been willful.

5.      For failing and refusing to pay Plaintiffs and similarly situated workers overtime wages based on the proper regular rate of pay, Plaintiffs bring collective action claims for payment of overtime wages, liquidated damages, attorneys' fees and costs under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), on behalf of all Recycling Workers who have been employed by Defendant to sort and process recyclables in the ACI processing facility at 610 Aladdin Ave, San Leandro, California during the three years preceding January 27, 2014 (the "Collective Action Period").  Consents to Join executed by Plaintiffs named above are attached hereto as Exhibit A.  Recycling Workers who file timely Consents to Join will be members of the FLSA Collective Action.

6.      Plaintiffs also bring a Federal Rule of Civil Procedure Rule 23 class action on behalf of all current and former Recycling Workers employed by Defendant to sort and process recycling waste at its facility at 610 Aladdin Avenue, San Leandro, California during the period commencing four years prior to January 27, 2014 (the "Class Period").  Plaintiffs bring Rule 23 class action claims for unpaid wages, treble damages, interest, and attorneys' fees and costs under the San Leandro Living Wage Ordinance; for overtime wages, interest, waiting time penalties, and attorneys' fees and costs under California Labor Code §§ 201-203, 510, 227.3 and 1194, and Code of Civil Procedure § 1021.5.  As third-party beneficiaries of Defendant's contract for an exclusive franchise to collect and process waste, Plaintiffs further allege a breach of ACI's Franchise Agreement with the City of San Leandro.  Plaintiffs also seek relief under California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200-17208, including injunctive relief, restitution, and disgorgement of all benefits Defendant has realized from failing and refusing to pay the minimum wages and paid time off to the Recycling Workers as required by the San Leandro Living Wage Ordinance and overtime.

7.      Plaintiffs' counsel and counsel for Defendant executed on January 28, 2014 a "Structured Negotiations Agreement" ("Tolling Agreement") on behalf of their respective clients. Paragraph 1 of this Tolling Agreement stated that the parties to this Tolling Agreement included the Plaintiffs named above "on behalf of a class of Recycling Workers who have worked at ACI's San Leandro facility at any time since January 27, 2010."

- 3 -

COMPLAINT; FLSA COLLECTIVE ACTION

8. Paragraph 2(d) of this Tolling Agreement stated: "The purpose of this Agreement is to stop the running of any applicable statute of limitations or other filing deadline as of the effective date of this Agreement and to restart the running of that statute of limitations and/or other filing deadline as stated in paragraph 4." Paragraph 4 of this Tolling Agreement stated: "This Agreement will end (5) business days after any party gives written notice to all other parties that the tolling agreement is no longer effective." Paragraph 8 of the Tolling Agreement stated: "The effective date of this Agreement is January 27, 2014."

9. On June 23, 2014, Plaintiffs' counsel gave written notice to all other parties that the Tolling Agreement is no longer effective.

## IV.   **PARTIES**

10. Plaintiff Maria Granados Flores ("Granados") resides in Hayward, California. She has served as a Recycling Worker for Defendant at its San Leandro facility from approximately November 2012 to the present.

11. Plaintiff Ignacia Garcia ("Garcia") resides in Oakland, California, and has served as a Recycling Worker for Defendant at its San Leandro facility from approximately 2005 through March 5, 2014.

12. Plaintiff Griselda Mora ("Mora") resides in Hayward, California and served as a Recycling Worker for Defendant at its San Leandro facility from June 2008 through March 5, 2014.

13. Plaintiff Pablo Rodriguez resides in Oakland, California and served as a Recycling Worker for Defendant at its San Leandro facility from approximately May 2009 through September 2013.

14. Plaintiff Divina Saguilán resides in Oakland, California and served as a Recycling Worker for Defendant at its San Leandro facility from approximately 2000 through February 28, 2014.

- 4 -

COMPLAINT; FLSA COLLECTIVE ACTION

15.     Defendant Alameda County Industries, Inc. is a California Corporation with headquarters in San Leandro, California.  ACI has contracted with the City of San Leandro to provide refuse collection and processing services.

16.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.  Hereinafter Defendant ACI and the DOE defendants shall be referred to collectively as "Defendants."

## V.     STATEMENT OF FACTS

17.     ACI entered the subject Contract with the City of San Leandro on February 1, 2000. The Contract has been subject to numerous amendments and extensions, the last of which was the tenth amendment executed in July 2009.  The Contract provides, among other things that ACI will receive, sort, and process residential, multifamily, and commercial recycling waste at its facilities in San Leandro.  The Contract has remained in full force and effect from 2000 to the present.

18.     On July 30, 2007 the San Leandro City Council adopted the San Leandro Living Wage Ordinance to set minimum employee compensation rates for certain contracts entered into between the City of San Leandro and contractors employing six or more workers.  At the time of its adoption, the San Leandro Living Wage Ordinance set out minimum pay of "no less than $12.40 per hour," subject to annual increases corresponding to increases in the Consumer Price Index. The Ordinance also requires covered contractors to provide "at least twenty-two (22) days off per year for sick leave, vacation, or personal necessity," of which "at least twelve (12) of the required days off shall be compensated" at the same rate as a normal working day.  The same wage and time-off requirements are applicable to subcontractors as well as the contracting entities.

19.     During the relevant period here, the San Leandro Living Wage rates have been as follows:

COMPLAINT; FLSA COLLECTIVE ACTION

a. For the year beginning July 1, 2013, no less than $14.17 per hour if the employee is not covered by qualifying health benefits, and no less than $12.67 per hour if the employee is covered by qualifying health benefits.

b. For the year beginning July 1, 2012, no less than $13.83 per hour if the employee is not covered by qualifying health benefits, and no less than $12.33 per hour if the employee is covered by qualifying health benefits.

c. For the year beginning July 1, 2011, no less than $13.54 per hour if the employee is not covered by qualifying health benefits, and no less than $12.04 per hour if the employee is covered by qualifying health benefits.

d. For the year beginning July 1, 2010, no less than $13.17 per hour if the employee is not covered by qualifying health benefits, and no less than $11.67 per hour if the employee is covered by qualifying health benefits.

e. For the year beginning July 1, 2009, no less than $12.95 per hour if the employee is not covered by qualifying health benefits, and no less than $11.38 per hour if the employee is covered by qualifying health benefits.

20.     Throughout at least the four years prior to January 27, 2014, Defendants have employed Recycling Workers, including Plaintiffs named herein, at ACI's recycling facility in San Leandro.  During that same period, the Recycling Workers have received, sorted, and processed residential, multifamily, and commercial recycling waste at ACI's facility in San Leandro, and have also cleaned and maintained the facility and equipment used to perform this work.  Such work arose from and is directly related to ACI's performance of its Contract with the City of San Leandro.

21.     Since at least January 27, 2010, Defendants have willfully and knowingly paid Plaintiffs and other similarly situated Recycling Workers an hourly rate far below that prescribed by the San Leandro Living Wage Ordinance. While the rates have varied slightly for each employee, Defendants have typically paid Recycling Workers an hourly rate that is less than nine dollars ($9) per hour.

COMPLAINT; FLSA COLLECTIVE ACTION

22.     Defendants required and/or knowingly permitted Recycling Workers, including Plaintiffs named above, to work hours in excess of eight hours a day and/or 40 hours a week, without paying them an hourly rate that is equal to or greater than one and one-half times the minimum wage rates prescribed by the San Leandro Living Wage Ordinance.

23.     For at least four years from January 27, 2014, Defendants willfully and knowingly denied Plaintiffs and other similarly situated Recycling Workers the full 22 days off per year for sick-leave, vacation, or personal necessity required by the San Leandro Living Wage Ordinance. During that same period, Defendants also willfully and knowingly denied Plaintiffs and other similarly situated Recycling Workers the full 12 days off per year for sick-leave, vacation, or personal necessity and paid at the regular rate of pay as required by the Living Wage Ordinance.

24.     For at least four years from the filing of this action, Defendants willfully and knowingly failed to pay Recycling Workers at the time of termination of employment, all earned, unpaid wages, including accrued overtime and vested vacation.

## VI.     RULE 23 CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring all claims alleged herein under the San Leandro Living Wage Ordinance and California law as a statewide class action on behalf of all persons who worked for Defendants as Recycling Workers during the period commencing four years from January 27, 2014 ("Rule 23 Class Period").  Plaintiffs seek to certify a class pursuant to the Federal Rules of Civil Procedure, Rule 23 comprised of Recycling Workers as specified below:

> All persons who are or have worked for ACI as sorters, yard spotters, bailers, cleaners (including evening screen cleaners), dumpers, forklift operators, and operators of other equipment at the waste processing facility at 610 Aladdin Avenue in San Leandro, California during the period commencing on January 27, 2010.

26.     The class claims herein have been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23 because:

a.     Ascertainability and Numerosity:  The potential members of the class as defined herein are so numerous that joinder would be impracticable.  Plaintiffs are informed and

- 7 -

1  believe that Defendants have employed approximately 300 Recycling Workers in its Aladdin

2  Avenue facility during the Class Period.  The names and addresses of the Class Members are

3  available from Defendants and/or staffing agencies it contracted to provide Recycling Workers.

4  Notice can be provided to the Class Members via first class mail using techniques and a form of

5  notice similar to those customarily used in class action lawsuits of this nature.

6             b.      <u>Commonality and Predominance of Common Questions</u>:  There are

7  questions of law and fact common to Plaintiffs and the Rule 23 Class Members that predominate

8  over any questions affecting only individual members of the class.  These common questions of

9  law and fact include, without limitation:

10                 i.      Whether because of ACI's Contract with San Leandro, Defendants

11  were obligated to pay the Recycling Workers compensation that meets the minimum

12  amounts required by the San Leandro Living Wage Ordinance;

13                ii.     Whether Defendants failed to pay Recycling Workers the minimum

14  hourly rates prescribed by the San Leandro Living Wage Ordinance and whether

15  such failure to pay the minimum was willful;

16               iii.    Whether Defendants failed to provide Recycling Workers at least

17  twenty-two (22) days off per year for sick leave, vacation, or personal necessity,

18  including at least twelve (12) days off compensated at the same rate as a normal

19  working day, and whether failure to provide such time off was willful;

20                iv.     Whether Defendants failed to pay Recycling Workers overtime

21  wages equal to or greater than one and one-half times the minimum hourly rate

22  prescribed by the San Leandro Living Wage Ordinance for time worked in excess of

23  40 hours per week and/or eight hours per day;

24                v.      Whether Defendants violated the applicable I.W.C. Wage Order and

25  California Labor Code §§ 510 and 1194 by failing to pay Recycling Workers the

26  proper overtime rates;

27                vi.    Whether Defendants' failure to pay employees for the vested, unused

28  paid time off required by the San Leandro Living Wage Ordinance violates Labor

Code § 227.3;

   vii. Whether Defendants failed to provide Recycling Workers with accurate itemized wage statements with the applicable rates in effect during the relevant pay periods;

   viii. Whether Defendants' failure to pay minimum wages under the San Leandro Living Wage Ordinance, correctly pay overtime, and failure to provide the required days off to Recycling Workers constitutes an unlawful, unfair, and/or fraudulent business practice, under California Business & Professions Code § 17200 et seq.;

   ix. Whether Defendants' failure to compensate Recycling Workers as prescribed by the San Leandro Living Wage Ordinance constitutes a breach of the Contract between ACI and the City of San Leandro;

   x. Whether Recycling Workers are third-party beneficiaries of ACI's Contract with the City of San Leandro;

   xi. Whether Defendants violated California Labor Code §§ 201-203 by failing to pay Recycling Workers all earned, unpaid wages, including minimum wage amounts and paid time off under the San Leandro Living Wage Ordinance, and accrued overtime at the time of termination of employment;

   xii. The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the class alleged herein.

  c. <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the class. Defendants' common course of unlawful conduct has caused Plaintiffs and similarly situated Recycling Workers to sustain the same or similar injuries and damages caused by the same practices of Defendants.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the class.

  d. <u>Adequacy of Representation</u>:  Plaintiffs are members of the class, do not have any conflicts of interest with other class members, and will prosecute the case vigorously on behalf of the class.  Counsel who represent Plaintiffs are competent and experienced in litigating

COMPLAINT; FLSA COLLECTIVE ACTION

large employment class actions, including large wage and hour class actions. Plaintiffs will fairly and adequately represent and protect the interests of the class members.

## VII. COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring a claim for relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) (1938), on behalf of the FLSA Collective Action Members, who include all persons who have worked at ACI's facility at 610 Aladdin Street, San Leandro as a Recycling Worker at any time within the applicable statutory time period prior to January 27, 2011 or after that date, and who timely file Consents to Join this action. As with the Rule 23 Claims, the FLSA Collective Action includes those Recycling Workers who have worked as sorters, yard spotters, bailers, cleaners (including evening screen cleaners), dumpers, forklift operators, and operators of other equipment at ACI's waste processing facility at 610 Aladdin Avenue in San Leandro.

28. Plaintiffs and the FLSA Collective Action Members are similarly situated, have performed substantially similar duties for Defendant, and are subject to Defendants' common practice of unlawfully failing to compensate Recycling Workers at the required overtime rate based on the minimum rates required by the San Leandro Living Wage Ordinance as alleged herein.

29. The claims for relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA because Plaintiffs' claims are similar to the claims of the FLSA Collective Action Members.

30. The names and addresses of the FLSA Collective Action Members are available from Defendants and/or the staffing agencies it has contracted to provide Recycling Workers. Accordingly, Plaintiffs pray herein for an Order requiring Defendants to provide the names and all available locating information for all members of the FLSA Collective Action, so notice can be provided to the class of the pendency of this action, and of their right to opt in to this action.

## VIII. DAMAGES

31. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs and similarly situated Recycling Workers are owed back pay and overtime compensation plus interest under the San Leandro Municipal Code, California and federal overtime laws, penalties under the

COMPLAINT; FLSA COLLECTIVE ACTION

San Leandro Municipal Code § 1-6-655(a) equivalent to treble the amount of damages to be paid, liquidated damages under 29 U.S.C. §216(b), and penalties under California Labor Code §§ 203 and 226, the precise amount of which will be proved at trial.

**IX.    CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FLSA OVERTIME AND RECORDKEEPING PROVISIONS**
**29 U.S.C. § 201,** *et seq.*
**(ON BEHALF OF PLAINTIFFS**
**AND FLSA COLLECTIVE ACTION MEMBERS)**

32.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim for relief on behalf of themselves and all FLSA Collective Action Members who file Consent to Join forms.

33.    At all relevant times, each of the Defendants has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203 (1938).  At all relevant times, Defendants have employed, and continue to employ, Recycling Workers including Plaintiffs and each of the FLSA Collective Action Members.  Plaintiffs allege on information and belief that each of the Defendants has had, at all relevant times, gross receipts in excess of $500,000.

34.    Plaintiffs consent to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) (1938).  Other individuals have already signed consent forms to join on this claim and more will likely do so in the future.

35.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times the regular rate of pay at which the employee is lawfully employed, for all work performed in excess of forty (40) hours in a week.  United States Department of Labor overtime regulations at 29 C.F.R. 778.5 (1968) define such "regular rate of pay" as a rate no lower than the minimum rate set by applicable state and local legislation, even if such minimums are higher than the those set in the FLSA.

36.    The FLSA Collective Action Members are entitled to be paid the statutorily required overtime compensation for all overtime hours worked.

37.     At all relevant times, Defendants have had a policy and practice of failing and refusing to pay FLSA Collective Action Members an overtime rate calculated on the basis of the regular rate prescribed by the San Leandro Living Wage Ordinance, for their hours worked in excess of forty (40) hours per week.

38.     By failing to compensate Plaintiffs and the FLSA Collective Action Members at a rate of not less than one and one-half times the lawful regular rate for work performed in excess of forty (40) hours in a workweek, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, et seq. (1938), including Sections 207(a) and 215(a)(2).

39.     Defendants' violations of the FLSA's overtime requirements were and are willful, thus extending the limitations period to three years, pursuant to 29 U.S.C. § 255(a) (1947).

40.     By failing to record, report, and/or compensate Plaintiffs and the FLSA Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 211(c).

41.     Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, seek damages in the amount of their respective overtime compensation and liquidated damages, as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

42.     Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE SAN LEANDRO LIVING WAGE ORDINANCE**
**San Leandro Municipal Code § 1-6-600, *et seq*.**
**(ON BEHALF OF RULE 23 CLASS MEMBERS)**

43.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all Rule 23 Class Members.

COMPLAINT; FLSA COLLECTIVE ACTION

44.    Defendants employ the Rule 23 Class Members to receive, sort and process recycling materials as part of the work ACI promised to perform under its Contract with the City of San Leandro, and to clean and maintain ACI's equipment and machinery at ACI's San Leandro facility as necessary to implement said Contract.

45.    Rule 23 Class members are engaged in work that arises from and is directly related to performance of ACI's Contract with the City of San Leandro, and is thus subject to the San Leandro Living Wage Ordinance, San Leandro Municipal Code §§ 1-6-620(b) and (d)  (2007).

46.    At all relevant times, ACI has collected over $350,000 in annual gross receipts, and has received a contract from the City of San Leandro in excess of $25,000 per fiscal year.

47.    By willfully failing to pay Recycling Workers at or above the hourly rates set by the San Leandro Living Wage Ordinance, Defendants have violated the Living Wage Ordinance.

48.    By willfully failing to provide Recycling Workers with at least twenty-two (22) days off per year for sick leave, vacation, or personal necessity, including at least twelve (12) compensated days off, as required by the San Leandro Living Wage Ordinance, Defendants have violated the Living Wage Ordinance.

49.    Plaintiffs, on behalf of themselves and the Rule 23 Class Members, seek damages in the amount of their respective unpaid wages and interest thereon, treble damages, and attorneys' fees and costs as provided by the San Leandro Living Wage Ordinance.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE COMPENSATION
### PROVISIONS OF CALIFORNIA LABOR CODE
### Calif. Labor Code §§ 510, 1194; and the applicable Calif. I.W.C. Wage Order
### (ON BEHALF OF RULE 23 CLASS MEMBERS)

50.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all Rule 23 Class Members.

51.    By their failure to pay the proper overtime rate to Plaintiffs and similarly situated Recycling Workers as alleged above, Defendants violated California Labor Code § 510 and the provisions of the applicable I.W.C. Wage Order which require overtime compensation for hours worked in excess of eight (8) per day and forty (40) per week.

COMPLAINT; FLSA COLLECTIVE ACTION

52.     By their failure to pay Rule 23 Class Members the hourly rate prescribed by the San Leandro Living Wage Ordinance, and an overtime rate properly calculated thereon, Defendants have deprived Rule 23 Class members of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under California Labor Code §§ 1194 and 1194.3.

**FOURTH CLAIM FOR RELIEF**
**WAITING TIME PENALTIES**
**Calif. Labor Code §§ 201-203, 1194**
**(ON BEHALF OF RULE 23 CLASS MEMBERS)**

53.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all Rule 23 Class Members.

54.     California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge. California Labor Code § 202 requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either §§ 201 or 202, the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

55.     Many Rule 23 Class Members are no longer employed by Defendants, including Plaintiffs Garcia, Mora, Rodriguez, and Saguilán.  By failing to pay Recycling Workers hourly rates required by the San Leandro Living Wage Ordinance during the Class Period, Defendants have willfully failed to make timely payments of all wages due upon termination and/or discharge, and are liable to terminated Recycling Workers for waiting time penalties, together with interest thereon and attorneys' fees and costs, under California Labor Code § 203. Rule 23 Class Members are also entitled to recover all unpaid wages, pre- and post-judgment interest, and reasonable attorney's fees and costs pursuant to Labor Code § 1194.

///

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PAY VESTED VACATION PAY UPON TERMINATION**
**Calif. Labor Code §227.3 and San Leandro Municipal Code § 1-6-625(b)**
**(ON BEHALF OF RULE 23 CLASS MEMBERS)**

56.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all Rule 23 Class Members.

57.     The San Leandro Living Wage Ordinance Requires Defendants to compensate Recycling Workers with at least twelve (12) paid days off each year for vacation, sick leave, or personal necessity.

58.     California Labor Code § 227.3 requires employers who provide paid vacations by policy or contract, to pay an employee all vested, unused vacation upon the employee's termination.  Many Rule 23 Class Members are no longer employed by Defendants, including Plaintiffs Garcia, Mora, Rodriguez and Saguilán.  By failing to pay Rule 23 Class members the vested, unused vacation time owed to them pursuant to the San Leandro Living Wage Ordinance at the time of their termination, Defendants have violated Labor Code § 227.3.

59.     Plaintiffs, on behalf of themselves and the Rule 23 Class Members, seek damages in the amount of the respective unpaid vacation and paid time off wages and interest thereon, and attorneys' fees and costs as provided by the California Labor Code 218.5.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS**
**Calif. Labor Code §226**
**(ONE BEHALF OF RULE 23 CLASS MEMBERS)**

60.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all Rule 23 Class Members.

61.     Labor Code § 226(a)(9) requires employers to furnish each employee with accurate itemized statements showing all the applicable hourly rates in effect, with each paycheck.  Because Defendants knowingly and intentionally failed to compensate Recycling Workers the hourly rate required by the San Leandro Living Wage Ordinance, the itemized statements provided to the

- 15 -

COMPLAINT; FLSA COLLECTIVE ACTION

1    Recycling Workers failed to accurately state the applicable rates of pay in effect during the class

2    period.  Rule 23 Class Members are therefore entitled to recover actual and statutory damages, and

3    reasonable attorney's fees and costs pursuant to Labor Code § 226(e).

4

5                           **SEVENTH CLAIM FOR RELIEF**
                     **SECRET PAYMENT OF UNLAWFUL WAGES**
                              **Labor Code § 223**
6                   **(ON BEHALF OF RULE 23 CLASS MEMBERS)**

7            62.     The allegations of each of the preceding paragraphs are realleged and incorporated

8    herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all

9    Rule 23 Class Members.

10           63.     Where a statute or contract requires an employer to maintain a designated wage

11   scale, Labor Code § 223 prohibits employers from secretly paying a lower wage while purporting

12   to pay the designated wage.  On information and belief, Defendants have affirmed that they are in

13   compliance with the San Leandro Living Wage Ordinance. However, Defendants have secretly

14   paid its employees a wage lower than the Living Wage rates designated under the Ordinance.

15   Therefore, Defendants have violated Labor Code § 223.

16                           **EIGHTH CLAIM FOR RELIEF**
                               **BREACH OF CONTRACT**
17                  **(ONE BEHALF OF RULE 23 CLASS MEMBERS)**

18           64.     The allegations of each of the preceding paragraphs are realleged and incorporated

19   herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all

20   Rule 23 Class Members.

21           65.     ACI is party to a Contract with the City of San Leandro.  As a condition of the

22   Contract, ACI promised to comply with applicable laws, which included the terms of the San

23   Leandro Living Wage Ordinance.

24           66.     Employees who perform work pursuant to ACI's Contract with the City of San

25   Leandro Contract are intended beneficiaries of such contract.  Because Recycling Workers perform

26   work pursuant to ACI's Contract, and because compliance with the San Leandro Living Wage

27   Ordinance is a condition of that Contract, Recycling Workers are the intended beneficiaries of the

28   Contract.

COMPLAINT; FLSA COLLECTIVE ACTION

67.     The City of San Leandro has performed all of its obligations under the contract. Defendants, including ACI, have failed to compensate Rule 23 Class Members with the hourly rate and paid and unpaid time off required by the San Leandro Living Wage Ordinance. As a result, ACI has breached its contract with the City of San Leandro. Accordingly, Rule 23 Class members are entitled to damages constituting the difference between the amount actually paid to Rule 23 Class Members and the amount required by the San Leandro Living Wage Ordinance.

**NINTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE UCL**
**Calif. Business and Prof. Code §§ 17200-09**
**(ON BEHALF OF RULE 23 CLASS MEMBERS)**

68.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all Rule 23 Class Members and in a representative capacity under Business and Professions Code § 17204:

69.     California Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

70.     California Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

71.     Beginning at an exact date unknown to Plaintiffs, but at prior to January 27, 2010, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by California Business & Professions Code § 17200, by engaging in the following:

a.      Willfully failing to pay Recycling Workers the minimum hourly rates prescribed by the San Leandro Living Wage Ordinance;

b.      Willfully failing to pay Recycling Workers an overtime rate equal to or greater than one and one-half times the hourly rate prescribed by the San Leandro Living Wage Ordinance, in violation of Labor Code § 510 and the FLSA;

c.      Willfully failing to provide Recycling Workers at least twenty-two (22) days off per year for vacation, sick leave, or personal necessity, including at least twelve (12)

COMPLAINT; FLSA COLLECTIVE ACTION

1    paid days off as required by the San Leandro Living Wage Ordinance;

2          d.    Willfully failing to pay Recycling Workers all earned, unpaid wages,

3 including accrued overtime and vested vacation, at the time of termination of employment,

4 in violation of Labor Code §§ 201-203 and 227.3 as described above;

5    72.    The violations of these laws serve as unlawful predicate acts and practices for

6 purposes of Business and Professions Code § 17200.

7    73.    As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent

8 acts and practices described herein, Defendants have received and continues to hold ill-gotten gains

9 belonging to Plaintiffs and class members. Defendants have profited from their unlawful, unfair,

10 and/or fraudulent acts and practices in the amount of unpaid wages, overtime compensation, denied

11 days off, and interest accrued.

12    74.    Plaintiffs and similarly situated Recycling Workers are entitled to restitution

13 pursuant to California Business & Professions Code §§ 17203 and 17208 for all unpaid wages,

14 overtime compensation, denied days off, and interest since January 27, 2010.

15    75.    Plaintiffs and similarly situated Recycling Workers are entitled to enforce all

16 applicable penalty provisions of the California Labor Code, FLSA, and the San Leandro Municipal

17 Code pursuant to California Business & Professions Code § 17202.

18    76.    Plaintiffs' success in this action will enforce important rights affecting the public

19 interest. In this regard, Plaintiffs sue on behalf of the public as well as on behalf of themselves and

20 others similarly situated. Plaintiffs seek and are entitled to the unpaid compensation, declaratory

21 and injunctive relief, and any other appropriate remedy.

22    77.    Injunctive relief is necessary and appropriate to prevent Defendants from continuing

23 and repeating their unlawful, unfair and fraudulent business acts and practices alleged above.

24    78.    In order to prevent Defendants from profiting and benefiting from their wrongful

25 and illegal acts and continuing those acts, Plaintiffs request an order requiring Defendants to

26 disgorge all the profits and gains its has reaped and restore such profits and gains to Recycling

27 Workers, from whom they were unlawfully taken.

28

COMPLAINT; FLSA COLLECTIVE ACTION

79.     Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

80.     Plaintiffs, on behalf of themselves and the Rule 23 Class Members, request relief as described below.

## X.     REQUEST FOR JURY TRIAL

81.     Plaintiffs request a trial by jury on behalf of themselves and the above-described Rule 23 Class Members and FLSA Collective Action Members.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Granados, Garcia, Mora, Rodriguez, and Saguilán, on behalf of themselves and the Rule 23 Class Members and FLSA Collective Action Members, request relief as follows:

1.     Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

    A.     Class notice to all Recycling Workers who worked for Defendants at the Aladdin Street facility during the Class Period described above;

    B.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

        (1)     The San Leandro Living Wage Ordinance;

        (2)     The overtime provisions of the California Labor Code § 510, the applicable I.W.C. Wage Order;

        (3)     California Labor Code §§ 201-203, for willful failure to pay all wages due at the time of termination;

        (4)     California Labor Code § 227.3 for willful failure to pay all vested, unused vacation and paid time off at the time of termination;

        (5)     California Labor Code § 223 for secretly paying a wage lower than that designated by law or contract;

- 19 -

1                  (6)      California Labor Code § 226 for failing to provide accurate wage

2      statements including the applicable hourly rates in effect for each pay period;

3                  (7)      Business and Professions Code §§ 17200-17208, for profiting by

4      unlawfully, unfairly and fraudulently failing to pay Recycling Workers the

5      compensation owed to them under the laws described herein;

6         C.      A declaratory judgment that Defendants' violations as described above were

7      willful;

8         D.      For an equitable accounting to identify, locate, and restore to all current and

9      former Recycling Workers the wages that are due;

10         E.      An award to Rule 23 Class Members of damages in the amount of unpaid

11      wages and treble damages under the San Leandro Living Wage Ordinance, overtime

12      compensation, and days off, including interest thereon, subject to proof at trial;

13         F.      As to those Rule 23 Class Members who have left Defendants' employ, an

14      award of payments due to them as waiting time penalties, pursuant to California Labor

15      Code § 203;

16         G.      An order requiring Defendants to pay restitution of all amounts owed to Rule

17      23 Class Members for Defendants' failures to pay legally required wages, overtime, days

18      off, and interest thereon, in an amount according to proof, pursuant to California Business

19      & Professions Code § 17203;

20         H.      For an order imposing penalties under California Labor Code §§ 203, 226,

21      and the San Leandro Living Wage Ordinance;

22         I.      An award to Rule 23 Class Members of reasonable attorneys' fees and costs,

23      pursuant to Code of Civil Procedure § 1021.5, California Labor Code §§ 218.5, 1194,

24      and/or other applicable law; and

25         J.      An award to Rule 23 Class Members of such other and further relief as this

26      Court deems just and proper.

27      2.      Plaintiffs Granados, Garcia, Mora, Rodriguez, and Saguilán, on behalf of

28      themselves and all members of the FLSA Collective Action, pray for relief as follows:

COMPLAINT; FLSA COLLECTIVE ACTION

1       A.     Designation of this action as a collective action on behalf of the FLSA

2  Collective Action Members (asserting FLSA claims) and prompt issuance of notice

3  pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective

4  Action, apprising them of the pendency of this action, and permitting them to assert timely

5  FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C.

6  § 216(b);

7       B.     Designation of Plaintiffs Granados, Garcia, Mora, Rodriguez, and Saguilán

8  as Representatives of the FLSA Collective Action;

9       C.     A declaratory judgment that the practices complained of herein are unlawful

10  under the FLSA;

11       D.     An award of damages, according to proof, including liquidated damages, to

12  be paid by Defendants;

13       E.     Costs of action incurred herein, including expert fees;

14       F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

15       G.     Pre-Judgment and Post-Judgment interest, as provided by law; and

16       H.     Such other legal equitable relief as this Court deems necessary, just, and

17  proper.

18  Dated:  July 1, 2014            Respectfully submitted,

19                      LEONARD CARDER, LLP

20

21                      _____*/s/ Aaron D. Kaufmann*_____
                          AARON D. KAUFMANN

22                      Attorney for Plaintiffs

23

24

25

26

27

28

COMPLAINT; FLSA COLLECTIVE ACTION

# EXHIBIT A

## CONSENT TO JOIN FLSA LAWSUIT

I am currently, or was formerly employed by Alameda County Industries ("ACI"), Real time Staffing, and/or Select Family of Staffing Companies (collectively "Employers") to work in ACI's recycling facilities in San Leandro, California. I hereby consent to become a party plaintiff in an action arising under the United States Fair Labor Standards Act ("FLSA"), regarding the Employers' failure to pay me overtime at the proper rate required by the FLSA, including but not limited to failing to pay me overtime based upon a regular rate of pay that is at least equal to the minimum pay rates required by the San Leandro Living Wage Ordinance.

I have also executed this same form translated into Spanish, which is being retained by the law firm of Leonard Carder LLP.

Date: _06/17/14_    Signature: _Ma Irene Cranados F._

Printed Name: _Maria Irene Cranadas Flores_

All information below will be redacted before
this document is filed in court:

CONFIDENTIAL INFORMATION REDACTED

## CONSENTIMIENTO A UNIRSE A DEMANDA FLSA

Actualmente estoy, o en el pasado estuve empleado por el Alameda County Industries ("ACI"), Real Time Staffing, y/o Select Family of Staffing Companies (referido colectivamente como "Empleadores") para trabajar en el centro de reciclaje de ACI, localizado en San Leandro, California. Por la presente, doy mi consentimiento para ser demandante en una demanda que surja bajo la legislación laboral de los Estados Unidos, nombrado en inglés como el Fair Labor Standards Act ("FLSA"), relacionado con la falta de los Empleadores, de pagar sobretiempo al nivel de pago adecuado y requerido por la FLSA, incluso pero no limitado a la falta de pagarme sobretiempo basado en una tasa de pago que es igual o mayor que las tasas salariales mínimas requeridos por la Ordenanza de Salario Digno de San Leandro (referido en inglés como "San Leandro Living Wage Ordinance").

También he firmado este mismo formulario traducido al español, que está retenido por el bufete de abogados de Leonard Carder, LLP.

Fecha: 06/17/14   Firma: María Irene Granados Flores

Nombre: Ma Irene Granados Fl.

CONFIDENTIAL INFORMATION REDACTED

## CONSENT TO JOIN FLSA LAWSUIT

I am currently, or was formerly employed by Alameda County Industries ("ACI"), Real time Staffing, and/or Select Family of Staffing Companies (collectively "Employers") to work in ACI's recycling facilities in San Leandro, California. I hereby consent to become a party plaintiff in an action arising under the United States Fair Labor Standards Act ("FLSA"), regarding the Employers' failure to pay me overtime at the proper rate required by the FLSA, including but not limited to failing to pay me overtime based upon a regular rate of pay that is at least equal to the minimum pay rates required by the San Leandro Living Wage Ordinance.

I have also executed this same form translated into Spanish, which is being retained by the law firm of Leonard Carder LLP.

Date: _16/18/214_   Signature: _Ignacia Garcia Auroyo_

Printed Name: _____

All information below will be redacted before this document is filed in court:

CONFIDENTIAL INFORMATION REDACTED

## CONSENTIMIENTO A UNIRSE A DEMANDA FLSA

Actualmente estoy, o en el pasado estuve empleado por el Alameda County Industries ("ACI"), Real Time Staffing, y/o Select Family of Staffing Companies (referido colectivamente como "Empleadores") para trabajar en el centro de reciclaje de ACI, localizado en San Leandro, California. Por la presente, doy mi consentimiento para ser demandante en una demanda que surja bajo la legislación laboral de los Estados Unidos, nombrado en inglés como el Fair Labor Standards Act ("FLSA"), relacionado con la falta de los Empleadores, de pagar sobretiempo al nivel de pago adecuado y requerido por la FLSA, incluso pero no limitado a la falta de pagarme sobretiempo basado en una tasa de pago que es igual o mayor que las tasas salariales mínimas requeridos por la Ordenanza de Salario Digno de San Leandro (referido en inglés como "San Leandro Living Wage Ordinance").

También he firmado este mismo formulario traducido al español, que está retenido por el bufete de abogados de Leonard Carder, LLP.

Fecha: 6/18/2014    Firma: Ignacia Garcia Arroyo.

Nombre: Ignacia Garcia Arroyo

CONFIDENTIAL INFORMATION REDACTED

## CONSENT TO JOIN FLSA LAWSUIT

I am currently, or was formerly employed by Alameda County Industries ("ACI"), Real time Staffing, and/or Select Family of Staffing Companies (collectively "Employers") to work in ACI's recycling facilities in San Leandro, California.  I hereby consent to become a party plaintiff in an action arising under the United States Fair Labor Standards Act ("FLSA"), regarding the Employers' failure to pay me overtime at the proper rate required by the FLSA, including but not limited to failing to pay me overtime based upon a regular rate of pay that is at least equal to the minimum pay rates required by the San Leandro Living Wage Ordinance.

I have also executed this same form translated into Spanish, which is being retained by the law firm of Leonard Carder LLP.

Date: _06/18/14_          Signature: _Griselda Mora_

Printed Name: _Griselda Mora_

All information below will be redacted before
this document is filed in court:

CONFIDENTIAL INFORMATION REDACTED

## CONSENTIMIENTO A UNIRSE A DEMANDA FLSA

Actualmente estoy, o en el pasado estuve empleado por el Alameda County Industries ("ACI"), Real Time Staffing, y/o Select Family of Staffing Companies (referido colectivamente como "Empleadores") para trabajar en el centro de reciclaje de ACI, localizado en San Leandro, California. Por la presente, doy mi consentimiento para ser demandante en una demanda que surja bajo la legislación laboral de los Estados Unidos, nombrado en inglés como el Fair Labor Standards Act ("FLSA"), relacionado con la falta de los Empleadores, de pagar sobretiempo al nivel de pago adecuado y requerido por la FLSA, incluso pero no limitado a la falta de pagarme sobretiempo basado en una tasa de pago que es igual o mayor que las tasas salariales mínimas requeridos por la Ordenanza de Salario Digno de San Leandro (referido en inglés como "San Leandro Living Wage Ordinance").

También he firmado este mismo formulario traducido al español, que está retenido por el bufete de abogados de Leonard Carder, LLP.

Fecha: _06/18/14_     Firma: _Grisalda Mora_

Nombre: _Griselda Mora_

CONFIDENTIAL INFORMATION REDACTED

## CONSENT TO JOIN FLSA LAWSUIT

I am currently, or was formerly employed by Alameda County Industries ("ACI"), Real time Staffing, and/or Select Family of Staffing Companies (collectively "Employers") to work in ACI's recycling facilities in San Leandro, California.  I hereby consent to become a party plaintiff in an action arising under the United States Fair Labor Standards Act ("FLSA"), regarding the Employers' failure to pay me overtime at the proper rate required by the FLSA, including but not limited to failing to pay me overtime based upon a regular rate of pay that is at least equal to the minimum pay rates required by the San Leandro Living Wage Ordinance.

I have also executed this same form translated into Spanish, which is being retained by the law firm of Leonard Carder LLP.

Date: _06/17/2014_  Signature: _Pablo Rodriguez_

Printed Name: _PABLo RoDRiGueZ_

All information below will be redacted before
this document is filed in court:

CONFIDENTIAL INFORMATION REDACTED

## CONSENTIMIENTO A UNIRSE A DEMANDA FLSA

Actualmente estoy, o en el pasado estuve empleado por el Alameda County Industries ("ACI"), Real Time Staffing, y/o Select Family of Staffing Companies (referido colectivamente como "Empleadores") para trabajar en el centro de reciclaje de ACI, localizado en San Leandro, California. Por la presente, doy mi consentimiento para ser demandante en una demanda que surja bajo la legislación laboral de los Estados Unidos, nombrado en inglés como el Fair Labor Standards Act ("FLSA"), relacionado con la falta de los Empleadores, de pagar sobretiempo al nivel de pago adecuado y requerido por la FLSA, incluso pero no limitado a la falta de pagarme sobretiempo basado en una tasa de pago que es igual o mayor que las tasas salariales mínimas requeridos por la Ordenanza de Salario Digno de San Leandro (referido en inglés como "San Leandro Living Wage Ordinance").

También he firmado este mismo formulario traducido al español, que está retenido por el bufete de abogados de Leonard Carder, LLP.

Fecha: 06/17/2014   Firma: _PABlo Rodriguez_

Nombre: _PABlo Rodriguez_

CONFIDENTIAL INFORMATION REDACTED

## CONSENT TO JOIN FLSA LAWSUIT

I am currently, or was formerly employed by Alameda County Industries ("ACI"), Real time Staffing, and/or Select Family of Staffing Companies (collectively "Employers") to work in ACI's recycling facilities in San Leandro, California.  I hereby consent to become a party plaintiff in an action arising under the United States Fair Labor Standards Act ("FLSA"), regarding the Employers' failure to pay me overtime at the proper rate required by the FLSA, including but not limited to failing to pay me overtime based upon a regular rate of pay that is at least equal to the minimum pay rates required by the San Leandro Living Wage Ordinance.

I have also executed this same form translated into Spanish, which is being retained by the law firm of Leonard Carder LLP.

Date: 6/17/14        Signature: _____

Printed Name: Divina Saguilen

All information below will be redacted before
this document is filed in court:

CONFIDENTIAL INFORMATION REDACTED

## <u>CONSENTIMIENTO A UNIRSE A DEMANDA FLSA</u>

Actualmente estoy, o en el pasado estuve empleado por el Alameda County Industries ("ACI"), Real Time Staffing, y/o Select Family of Staffing Companies (referido colectivamente como "Empleadores") para trabajar en el centro de reciclaje de ACI, localizado en San Leandro, California. Por la presente, doy mi consentimiento para ser demandante en una demanda que surja bajo la legislación laboral de los Estados Unidos, nombrado en inglés como el Fair Labor Standards Act ("FLSA"), relacionado con la falta de los Empleadores, de pagar sobretiempo al nivel de pago adecuado y requerido por la FLSA, incluso pero no limitado a la falta de pagarme sobretiempo basado en una tasa de pago que es igual o mayor que las tasas salariales mínimas requeridos por la Ordenanza de Salario Digno de San Leandro (referido en inglés como "San Leandro Living Wage Ordinance").

También he firmado este mismo formulario traducido al español, que está retenido por el bufete de abogados de Leonard Carder, LLP.

Fecha: 6/17/14      Firma: _____

Nombre: Divina Saguilan

CONFIDENTIAL INFORMATION REDACTED